UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LORENZO M. GIBSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Lead Case No. 1:08-CV-210 |
| ) | *Collier / Lee* |
| v. ) | |
| ) | |
| THE SERVICEMASTER COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**I.     Introduction**

Before the Court are the respective motions of Plaintiffs, Lorenzo M. Gibson ("Gibson"), Christopher J. Muina ("Muina"), and Cecil Hines ("Hines"), to compel Defendants, The Servicemaster Company and TruGreen Limited Partnership ("TruGreen"), to respond to outstanding discovery requests pursuant to Fed. R. Civ. P. 37 [Doc. 22].[1] Defendants filed a response in opposition to Plaintiffs' motions to compel [Doc. 25] and an initial hearing was held May 29, 2009. Commendably, the parties were able to resolve most of their discovery disputes as reflected in an agreed order entered by the Court [Doc. 32]. As to the sole remaining discovery issue, the parties submitted additional briefing [Doc. 28, 29, 30 & 31] and a telephonic hearing was held June 5, 2009.[2]

**II.     Legal Standards**

Under Fed. R. Civ. P. 26, parties may obtain discovery regarding any nonprivileged matter

---

[1] Unless noted, docket references are to documents filed in the lead case.

[2] Participating at both hearings were: (1) attorney James Moss Johnson for Plaintiffs and (2) attorneys Dionysia Johnson-Massie and Latesa K. Bailey for Defendants.

relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible in court, the burden of establishing relevancy is met where a party shows the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* However, there are ultimate and necessary boundaries to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)).

Once a request for discovery strays outside of an area relevant to a claim or defense, Rule 26(b)(1) requires a showing of good cause. "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "'The good cause standard is meant to be flexible, but the party seeking such discovery should ordinarily be able to articulate a reason for believing it is warranted.'" *Hill v. Motel 6,* 205 F.R.D. 490, 492 (S.D. Ohio 2001) (quoting Wright, Miller and Marcus, 8 *Federal Practice and Procedure* § 2008, supplement at 15-16).

Rule 26(b)(1) focuses discovery on the actual claims and defenses at issue in the case. Thus, discovery will only be broadened when demanded by the reasonable needs of the action. As stated by the Advisory Committee:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. In general, it is hoped that reasonable lawyers can cooperate to manage discovery without the need for judicial intervention. When judicial intervention is invoked, the actual scope of discovery should be determined according to the

> reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

Fed. R. Civ. P. 26(b)(1) (advisory committee notes).

**III.    Analysis**

In his complaint, Muina alleges that on April 5, 2008, he was terminated by the manager of Defendants' Chattanooga Branch, John Hardy ("Hardy"). Hardy claimed it was the Regional Marketing Manager, Bill Pope ("Pope"), in the Atlanta regional office, who wanted Muina terminated. Muina alleges Pope later told Muina his termination was Hardy's idea [Case No. 1:08-CV-211, Doc. 1 ¶¶ 10, 30]. During the hearing, Plaintiffs represented that not only was Pope involved in the decision to terminate Muina, but another supervisor in Defendants' Atlanta regional office, Cannon White ("White"), the Regional Vice-President of Operations, was also involved in or told about the decision to terminate Muina prior to the termination. Plaintiffs also claim to have evidence of racial animosity by Pope and White against African Americans.[3] Defendants strenuously deny these allegations.

The parties submitted competing proposals to resolve the remaining discovery dispute. Plaintiffs' proposal seeks to require Defendants to provide Plaintiffs "with copies of all EEOC Charges and lawsuits filed and formal complaints made from January 1, 2005 to present alleging race discrimination against an African American working as a Sales Representative at the time of

---

[3] In response to other discovery requests, Defendants will provide Plaintiffs with non-privileged disciplinary documents from White's or Pope's personnel files "regarding race discrimination which show any disciplinary action or counseling taken against them or given them, or which evidence comments made by either of them about African-Americans." [Doc. 32 at 3, ¶ 8].

3

the events complained of in the Southeast region of TruGreen, provided with respect to formal complaints, that there are documents regarding the complaint in the Corporate or HR offices of the Defendants." [Doc. 29-1 at 2-3]. Defendants' proposal states "Defendants will provide Plaintiffs with copies of all EEOC Charges, lawsuits and written complaints filed or lodged against Defendant TruGreen and existing in the corporate HR Department that were made from January 1, 2006 to the present alleging race discrimination by an African American working as a Sales Representative in the Chattanooga Branch." [Doc. 30-2 at 4].

At the June 5, 2009 hearing, Plaintiffs clarified their proposal stating that they were seeking only "serious" complaints, namely, lawsuits, EEOC complaints or formal complaints of race discrimination made by TruGreen sales representatives during the period from January 1, 2005 to the present for which there was written evidence in the files at TruGreen's corporate HR department. Plaintiffs also assert their discovery request for documents concerning EEOC charges, lawsuits and complaints by sales representatives working in the branch offices within the Southeast Region, which is a region under the regional supervision of White and Pope, is likely to lead to admissible evidence because it seeks "me too" evidence within a narrow scope pursuant to the decision in *Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140 (2008).

Defendants assert their response should be limited to the Chattanooga branch office because "throughout their employment all three Plaintiffs only worked at the Chattanooga Branch; . . . Hardy was the only Branch Manager in charge; and the only employment decisions at issue were those made by . . . Hardy when he allegedly engaged in conduct that 'forced them to quit' (as alleged by Gibson and Hines who admit they resigned after Muina's employment was terminated. . . ." [Doc. 28 at 5]. Defendants also assert Hardy made the decision to terminate Muina and merely informed

4

White and Pope of the decision prior to the termination.

When "the employment decisions were made locally, discovery may be properly limited to the employing unit." *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 907 (6th Cir. 1991). In addition, in a Title VII discrimination action an employee used for comparison purposes must be similarly situated or directly comparable in all material respects to the employee complaining of the adverse employment action. *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 173 (6th Cir. 2004) (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). *See also Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990) ("In the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination – the employing unit or work unit.")

None of the parties has cited any decision by the Sixth Circuit addressing the impact of *Mendelsohn* in the discovery context. Likewise, research has not disclosed any such precedent. However, in *SGRO v. Bloomberg, L.P.*, Civil Action No. 05-731 FLW, 2008 WL 918491 (D.N.J. Mar. 31, 2008), based on *Mendelsohn*, the district court held:

> testimony by non parties alleging discrimination at the hands of supervisors of the defendant company who played no role in the adverse employment decision challenged by the plaintiff employee may be probative in the employment discrimination context . . . . The *Mendelsohn* court advised that "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual . . . case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.

*Id.*, 2008 WL 918491 at *10 (citations omitted).

In *Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 WL 821952 (D. Kan. Mar. 28, 2008), the plaintiffs sought discovery concerning all persons hired and fired by the defendant for a sales

5

representative job in three states in an age discrimination case, asserting the information could show a corporate-wide animosity toward older employees. *Id.* at *5. The defendant objected to the evidence as overly broad and lacking in relevance. *Id.* The court noted that plaintiffs were seeking to bolster their claim of intentional discrimination by showing discriminatory treatment of other employees in light of the decision in *Mendelsohn*, however, the court held the blanket request for information, without more, suggested a "fishing expedition" and denied the discovery request on the ground the burden of the discovery would outweigh its likely benefit, given the needs of the case. *Id.*

All parties assert the decision in *Grissom v. Ingles Markets, Inc.*, No. 3:07-CV-60, 2008 WL 4510585 (E.D. Tenn. Oct. 2, 2008) (Guyton, J.) supports their respective position. In *Grissom*, an employment discrimination case, the plaintiff sought company-wide discovery from the defendant and the defendant argued the discovery should be limited to the supermarket where the plaintiff worked. *Id.* at *2. The evidence showed the decision to terminate the plaintiff involved the local store manager, two district store managers, two district managers, and a loss prevention officer. *Id.* Based upon the evidence before it, the Court allowed discovery of the employees falling within the chain of management of the two district managers involved in the decision to terminate the plaintiff. *Id.* at *4. While *Grissom* found company-wide discovery was not warranted, based upon the undisputed evidence that two regional managers were involved in the decision to terminate the plaintiff, the Court allowed some regional discovery beyond the supermarket where the plaintiff worked. *Id.*

To date, the depositions of Plaintiffs have been taken, but the depositions of Defendants' employees, including White, Pope and Hardy, apparently have not been taken and are scheduled to

6

take place on June 9, 2009. As noted, Plaintiffs argue Pope and/or White were involved in the decision to terminate Muina, but Defendants argue Hardy merely informed Pope and White of his decision to terminate Muina. The Court is puzzled by the parties' decision to delay the depositions of witnesses (apparently other than the Plaintiffs) and the decision to delay resolution of this discovery dispute until now given the discovery conclusion deadline is June 30, 2009. Other than Hardy, Pope and White, Plaintiffs have not argued racial discrimination, racial animosity or involvement in the allegedly discriminatory actions at issue by any other employee or manager at any other branch in Defendants' Southeast Region. Defendants have argued the request for regional discovery is burdensome, but have not shown how expanding discovery to a limited extent beyond TruGreen's Chattanooga Branch would be overly or unduly burdensome as no evidence has been presented regarding the actual burden to Defendants in complying with Plaintiffs' request for discovery concerning the other branches in the Southeast Region.

Based on the current record and considering the jurisprudence referenced above and the argument of counsel, the Court finds the balance weighs in favor of allowing limited discovery as set forth below.

**IV.     Conclusion**

Plaintiffs' motion to compel Defendants' to further respond to their discovery request [Doc. 22] is **GRANTED IN PART and DENIED IN PART** as follows:  Defendants will produce: (1) a copy of all EEOC charges, lawsuits, and complaints ( for which there is written evidence existing in the corporate HR Department) alleging race discrimination against TruGreen that were asserted by an African American sales representative in the Chattanooga Branch from **January 1, 2006 to the present** and (2) a copy of all EEOC charges, lawsuits, and complaints ( for which there

7

is written evidence existing in the corporate HR Department) alleging race discrimination against TruGreen that were asserted by an African American sales representative in any of the branch offices in the Southeast Region of TruGreen from **January 1, 2007 to the last date of any Plaintiff's employment** but only if the alleged race discrimination involved a claim against a branch manager who was under the supervision of Pope or White.

SO ORDERED.

ENTER:

*s/Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE